■ ROSE STERNBERGER, Respondent, v. SECOND GENERAL PARTNERS, INC., Appellant.— Judgment rendered for plaintiff following trial of personal injury

action by court without a jury unanimously reversed, on the law and on the facts, with $50 costs and disbursements to abide the event, and new trial directed in the interests of justice. Although the proof fully supports the finding of negligence on the part of the defendant building owner in the maintenance of the system for furnishing hot water to the tenants, the unsatisfactory state of the record prevents a proper consideration of the issues of causal relationship and contributory negligence. The trial court found that the plaintiff's injuries occurred when she stepped into a bathtub when the water was scalding hot. The plaintiff testified that she put both feet in the tub to take a bath and that "I found that the water was hotter than I thought it was and that is how the accident happened. * * * [It] was too hot." The trial court conceded that plaintiff "was obviously mistaken" in this testimony because injury was sustained to but one limb. Certainly, the accident could not have happened in the manner described by plaintiff because, although plaintiff sustained third degree burns on her left foot and leg, there was no burning of the sole of that foot or of the other foot or leg. Furthermore, the plaintiff's testimony and the trial court's findings do not support a recovery on the theory, as argued for by her counsel, that hot scalding water had suddenly gushed from the faucet on plaintiff's left foot and leg. It may be that because of her extreme age, the plaintiff was confused or her recollection may have been faulty. In any event, it does appear that her testimony ended without explanation of the inconsistency and without any cross-examination. Moreover, plaintiff's daughter, who was the first one to arrive at the bathroom after the incident, was not called as a witness. Her testimony and the testimony of plaintiff's nurse, if she was also on the premises at the time, may shed some light on the accident. Under the circumstances, we conclude that a new trial should be granted in the interests of justice. (See *122 West 29th St. Realty Corp.* v. *West 29th St. Parking Lot,* 27 A D 2d 519; *Morales* v. *Olivero,* 23 A D 2d 554; *Kundla* v. *Symans,* 9 A D 2d 1021; *Victor Catering Co.* v. *Nasca,* 8 A D 2d 5; *Baccialon* v. *Guerra,* 282 App. Div. 755.) Concur — Stevens, J. P., Eager, Steuer, Rabin and McGivern, JJ.